IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES R. FAZEKAS, Plaintiff | ) | |
| vs. | ) | Civil Action No. 09-407<br>Judge David S. Cercone/<br>Magistrate Judge Amy Reynolds Hay |
| NATIONAL HERITAGE ACADEMIES, Defendant | ) | |

REPORT AND RECOMMENDATION

I. Recommendation

On April 7, 2009, Charles R. Fazekas ("Fazekas" or "the Plaintiff") filed a Complaint (Doc. 1) against his former employer, National Heritage Academies, Inc. ("the Defendant" or "NHA"), alleging causes of action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("the ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"), Pa. Con. Stat. Ann. § 951 et seq. Pending is the Defendant's Motion to Dismiss for improper venue pursuant to Rule 12(b)(3), (Doc. 4). The Plaintiff, conceding that venue in this District is improper, responded to the Motion to Dismiss by filing a Motion to Transfer Case[1] to the Northern District of Ohio (Doc. 7). The Court respectfully recommends that the Motion to Transfer be granted, and that

[1]The Defendant contends that the Plaintiff failed to respond properly to the Motion to Dismiss by ignoring that Motion and filing his own Motion to Transfer. It is clear, however, that Fazekas's Motion was, at least in effect, a response to the Defendant's filing. In an abundance of caution, Fazekas has also filed a Reply to Defendant's Opposition to Plaintiff's Motion (Doc. 9), in which he discusses the provisions of 28 U.S.C. §1404(a). A careful reading of that section would have revealed that it has no application here, as venue is not proper in this District. As a result, the Court confines its discussion to the provisions of U.S.C. § 1406(a).

the Motion to Dismiss be denied.

II. Report

The facts underlying the pending motions are undisputed. NHA, a Michigan corporation with its principal office and headquarters in Grand Rapids, Michigan, "provides management employees for charter schools in Michigan, Ohio, North Carolina, Colorado and Indiana." (Doc. 5 at 1). The Plaintiff was employed by NHA for nearly two years. He performed his job duties in Youngstown, Ohio, and his performance was supervised and managed by the Defendant's employees in Michigan. NHA "does not have, nor has it ever had, any operations in the Western District of Pennsylvania" and "[n]othing about Plaintiff's employment was related in any way" to this District. (Id. at 2).

Where venue is improper, 28 U.S.C. § 1406(a) confers upon the court discretion to dismiss the action or, if it is in the interest of justice, to transfer the case to any district or division in which it could have been brought.[2] The Supreme Court has observed that Section 1406(a) "exists to remove whatever obstacles may impede an expeditious and orderly adjudication of cases . . . on their merits." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962). "Normally, if there is another district or division in which the action could have been brought, transfer is preferred to the harsh remedy of dismissal." Stanton-Negley Drug Co. v. Pennsylvania Dept. of Public Welfare, No. 07-11309, 2008 WL 1881894, at *5 (W.D. Pa. April 24, 2008) (quoting WILLIAM W. SCHWARZER, A. WALLACE TASHIMA & JAMES M. WAGSTAFFE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL 4-67 (2008)).

[2]The provision reads: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The Defendant urges this Court to exercise its discretion to dismiss this action given that the Plaintiff should have known or readily discovered that venue was improper. This argument is well taken. Attorneys who do not perform due diligence in researching the basis for personal jurisdiction over a defendant prior to filing suit do a disservice to the defendant, the courts, and, of course, their clients.

Although the Court is aware that it could, consistent with the governing statute, exercise its discretion to dismiss this matter, it will not do so. The cases cited by the Defendant in which dismissal was granted involved, for the most part, shortcomings on the part of the plaintiff with consequences that exceeded those present here. See e.g., Spar, Inc. v. Info. Res. Ind., 956 F.2d 392 (2d Cir. 1992) (suit filed in district where statute of limitations had run would not be transferred to alternate forum where bar did not apply); Deleski v. Raymark Indus. Inc., 819 F.2d 377 (3d Cir. 1987) (same); Cote v.Wadel, 796 F.2d 981, 984 (7th Cir. 1986) (same). See also Nichols v. G.D. Searle and Co., 991 F.2d 1195, 1202 (4th Cir.1993) (court declined to transfer case where plaintiff failed to determine personal jurisdiction, and case had been pending for five years - imposing substantial costs on defendant and court in district court with no interest in the action);[3] Wood v. Santa Barbara Chamber of Commerce, 705 F.2d 1515, 1523 (9th Cir. 1983) (court refused to return case to jurisdiction that plaintiff had purposefully sought to avoid).

This case is in its earliest stages. The burden imposed upon the Defendant and the Court by the Plaintiff's failure to assess the existence of personal jurisdiction is not trivial, but, at the same time, it is not substantial. The Defendant has not suggested that it will suffer significant

[3]The Court in Nichols was careful to note that it did not "imply that a district court would necessarily err by granting a plaintiff's motion to transfer an action that the plaintiff's attorney filed in the wrong court because of an obvious error." 991 F.2d at 1202.

prejudice by having this matter proceed in federal court in Ohio. Consequently, the Court finds that the circumstances of this case do not warrant dismissal, and that the interest of justice favors transfer to the United States District Court for the Northern District of Ohio, where it is undisputed that venue is proper and the Defendant is subject to subject matter jurisdiction.

III. Conclusion

For the reasons set out above, it is recommended that the Defendant's Motion to Dismiss (Doc. 4) be denied, and that the Plaintiff's Motion to Transfer (Doc. 7) be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.

Respectfully submitted,

*/s/ Amy Reynolds Hay*
United States Magistrate Judge

Dated: 27 May, 2009

cc: Hon. David S. Cercone
United States District Judge

All counsel of record by Notice of Electronic Filing